In the Matter of

John B. WITTENWYLER, Debtor.

William J. RAMEKER,
Trustee, Plaintiff,

v.

John B. WITTENWYLER, Defendant.

Adv. No. 86–0038–7.

United States Bankruptcy Court,
W.D. Wisconsin.

June 20, 1986.

**480**

Regina M. Speichinger, Murphy & Desmond, S.C., Madison, Wis., for plaintiff.

Kenneth J. Doran, Smoler & Albert, S.C., Madison, Wis., for defendant.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

This is a turnover action filed by the trustee, William J. Rameker, pursuant to 11 U.S.C. § 542. The issue before the court is whether the debtor, John B. Wittenwyler, must turn over three vehicles to the trustee for liquidation because equity existing in the vehicles is property of the estate.

On September 17, 1985, the debtor borrowed $5,500.00 from the State Bank of Mount Horeb ("the bank") and granted the bank a security interest in a 1984 Oldsmobile, a 1979 Dodge truck, and a 1977 Kawasaki cycle. On October 11, 1985, the debtor filed his petition under chapter 7 of the Bankruptcy Code. The three vehicles were listed on his schedules as follows: 1984 Oldsmobile, $10,000; 1979 Dodge truck, $1,500; 1977 Kawasaki cycle, $500, for a total of $12,000.00. The Oldsmobile was subject to an undisputed prior lien of $5,490.45 as well as the secured claim of the bank. On his schedule B-4, the debtor apparently allocated his net equity of $1,009.55 in the three vehicles entirely to the Oldsmobile and claimed an exemption of $1,200.00 in that car.[1] The trustee did not object to the exemption and the time for objections expired on December 12, 1985. Bankruptcy Rule 4003(b).

On December 11, 1985, the trustee filed a fraudulent conveyance action against the debtor's wife, Catherine M. Wittenwyler, and the bank, alleging that the granting to the bank of the security interest in the debtor's vehicles constituted either a fraudulent conveyance to the debtor's wife or a preferential transfer to the bank. The basis of the action was that on the same date the debtor granted the $5,500.00 security interest to the bank the debtor's wife transferred $5,500.00 to the bank to reduce an outstanding mortgage on homestead property owned jointly by the debtor and his wife. Catherine Wittenwyler failed to answer the complaint and a default judgment was granted as to her. The bank and the trustee entered into a stipulated settlement whereby half of the $5,500.00 security interest was avoided as a preference.

Thereafter the trustee demanded that the debtor turn over the vehicles so that the trustee could liquidate them. The debtor refused to do so and on February 6, 1986, the instant adversary proceeding was commenced.

The question we must now answer is whether the trustee, by failing to object to the debtor's exemption, lost the benefit of the increased equity in the vehicles gained by virtue of the previous fraudulent conveyance action? The answer, as discussed further below is no. The debtor only exempted a $1,200.00 portion of the property; the remaining interest was property of the estate and the increased equity inures to the sole benefit of the estate.

---

1. Originally the debtor's exemption in his Oldsmobile was limited to $1,009.55, the amount of equity in the automobile at the commencement of the prior litigation. The effect of the trustee's litigation has been to increase the debtor's vehicle exemption by $190.45 to the full $1,200.00 available to the debtor under section 522(d)(2).

It is the trustee's position that the additional equity in the automobiles is property of the bankruptcy estate notwithstanding his failure to object to the debtor's exemption. He argues that 11 U.S.C. § 541(a)(7) operates to specifically transfer the increased equity to the estate.[2]

The debtor argues that by virtue of 11 U.S.C. § 522(1) the trustee's failure to object to the exemption revests the property in the debtor.[3] He argues that when the time to object to exemptions expired, the debtor's exemption and the bank's security interest covered the entire value of the vehicles and, therefore, the estate retained no interest in the property. According to the debtor "[a]s of December 13, 1985, the trustee had no more interest in the vehicles than if they were post-petition property. The defendant was completely free to dispose of his interest in the vehicles without notifying the trustee...." The debtor cites the legislative history to section 541(a) and *In re Walters*, 17 B.R. 644, 648 (Bankr. S.D.Ohio 1982). However, at most the cited authorities merely hold that property actually exempted becomes property of the debtor. Neither authority addresses the question of partial exemptions. If anything, the cited portion of the House Report is against the debtor's position:

Paragraph 1 has the effect of overruling *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903), because it includes as property of the estate all property of the debtor, even that needed for a fresh start. After the property comes into the estate, then the

debtor is permitted to exempt it under proposed 11 U.S.C. 522, and the court will have jurisdiction to determine what property may be exempted and what remains as property of the estate.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977) at 368 U.S.Code Cong. & Admin. News 1978, pp. 5787, 6324; 2 *App. Collier on Bankruptcy* (15th ed. 1985).

Similarly, section 522(*l*) merely states that "property claimed as exempt ... is exempt." That section does not state that title to property claimed as partially exempt reverts in toto to the debtor merely because the remaining value is fully encumbered. The fact that the trustee did not object to the debtor's exemption is thus irrelevant. The trustee had, and has, no objection to the debtor's $1,200.00 partial exemption in the property.

It is clear in the circumstances of this case that the estate retained an interest in the property after the time for objections to exemptions expired. Under section 541(a)(1) the debtor's estate obtained all "legal" as well as all "equitable" interests in the debtor's motor vehicles.[4] The fact that the debtor's partial exemption and the bank's security interest "used up" all of the potential value in the vehicles does not mean that the estate thereby lost its interest in the vehicles. The debtor's legal title to the vehicles as well as his equitable right of use and possession inured to the benefit of the estate as of the date of bankruptcy. By virtue of section 522 the debtor was able to obtain a $1,200.00 position in the estate's property. However, all remaining "interests" in the vehicles continued to be

---

**2.** 11 U.S.C. § 541(a)(7) provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

....

(7) Any interest in property that the estate acquires after the commencement of the case.

**3.** 11 U.S.C. § 522(*l*) provides:

The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt

from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

**4.** 11 U.S.C. § 541(a)(1) provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

property of the estate subject to a lien which, prior to the trustee's successful litigation, fully encumbered the estate's interest. Upon avoiding a portion of the lien encumbering the estate's assets, the estate, not the debtor, increased its equity in the property.

The debtor argues that by virtue of section 551 the avoided portion of the lien inures to the debtor's benefit.[5] This argument would hold true only if the vehicles were not property of the estate. As discussed above the vehicles are property of the estate subject to valid liens and the debtor's $1,200.00 exemption interest. Section 551 is inapplicable.

*In Re Ward*, 42 B.R. 946 (Bankr.M.D. Tenn.1984), cited by the debtor, is not on point. In that case the debtors had transferred real estate to a bona fide purchaser for value. After the transfer, but before the deed was recorded, one of the debtors' creditors recorded a judgment and obtained a lien against the property. Since the judgment was recorded during the preference period, the trustee was entitled to avoid the lien. However, the property had been sold for adequate consideration so the sale was not voidable. Thus, the property never became property of the estate. Consequently the court held, *inter alia*, that the lien, though avoided, could not be preserved under 11 U.S.C. § 551 for the benefit of the estate. *Id.* at 953. In the instant matter, quite unlike *Ward*, the trustee has avoided a lien encumbering property of the estate.

The debtor argues that he could have sold the car after taking his exemption but before the trustee avoided the half portion of the security interest, with the result that the trustee would not have been able to preserve the avoided lien under section 551. Thus, the same result should apply if the car remains in the debtor's possession. Even if it is true that the car could have

been sold to a bona fide purchaser after the filing of the petition with the same result as in *Ward*, that the lien could be avoided by the trustee but not preserved for the benefit of the estate, it does not follow that the reasoning of *Ward* is applicable while the car remains in the debtor's possession and is titled in the debtor's name.[6]

While it may be true that in the vast majority of cases the practical result of a debtor exempting the full equity remaining in an item of property is to divest the estate of all interest in the property, it does not follow that that should be the result on the peculiar facts of this case. Since the estate retained an interest in the vehicles it is clear that the increased equity in the vehicles obtained by virtue of the trustee's avoidance action inured to the estate's benefit under section 541(a)(7). The trustee is entitled to summary judgment in his favor. It may be so ordered.

---

5. 11 U.S.C. § 551 provides:
   Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

6. In actuality it is doubtful that the reasoning of *Ward* would be applicable to a post-petition

transfer of personal property of the estate. Such a transfer, unlike the transfer of real property to a good faith purchaser, is avoidable under section 549. *See* 11 U.S.C. § 549(a), (c). Thus the debtor's assumption that the trustee could not have avoided a post-petition sale of the vehicles appears to be without merit.