### In the Matter of Charles A. WIESNER, Debtor.

### Bankruptcy No. MM7–82–01237.

United States Bankruptcy Court, W.D. Wisconsin.

June 26, 1984.

---

A. Victoria Eherenman, Madison, Wis., trustee.

Kenneth J. Doran, Smoler, Albert & Rostad, Madison, Wis., for debtor.

1. Not as stated in the debtor's memorandum, under subsections (1) and (5) of § 522(d).

2. Adv.Pro. No. 83–0264–7 (Bkrtcy.W.D.Wis. 1984).

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

The debtor filed his chapter 7 petition July 15, 1982. He scheduled among his assets a "part ownership in Pullman sleeping car ... and Pullman shell," which he valued at $200.00, and claimed as exempt under 11 U.S.C. § 522(d)(6).[1] He failed to schedule his part ownership of a Jordan Spreader, a failure he later attributed to oversight, and to the minimal value of the item.

In November 1983, the trustee brought an adversary proceeding[2] seeking revocation of the debtor's discharge on the ground of misrepresentation of his railroad car holdings. The debtor/defendant won summary judgment in February 1984. The judgment stated that "the plaintiff failed to controvert the motion for summary judgment ... [and] that the complaint is barred by laches."

In March 1984 the trustee filed an application to sell a "CBQ coach" and the Jordan Spreader, together with any other railroad cars owned by the debtor. The offeror for the "CBQ coach," the Illinois Railway Museum, states its opinion of the fair market value of the "CBQ coach" to be $4,200.00, and of the Jordan Spreader to be $1,500.00, all as of February 21, 1984.[3] The file further discloses that an apparent lien exists against "CBQ car # 6144" in the amount of $3,160.40. The debtor's memorandum in opposition to the proposed sale asserts that the "CBQ coach" is identical with the "Pullman shell" originally scheduled.

In its order for meeting of creditors, dated July 29, 1982, the court allowed fifteen days after the meeting, scheduled for August 16, 1982, for objections to exemptions. No objection was ever filed.

The court must now decide whether the bankruptcy estate has any interest in the

3. The trustee proposes to sell the Jordan Spreader to the Midcontinent Railway Museum for $1,500.00.

subject railway cars which the trustee could sell. That decision seems to depend on whether the trustee may object to claimed exemptions, directly or collaterally, more than a year after the bar date for objection.

■ Once property is exempted from the estate it revests in the debtor, and is no longer part of the estate. *See, e.g.* H.R. 95–595, 95th Cong., 1st Sess. 368 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787; *cf.* 11 U.S.C. § 522(b), (c). Once exemption is claimed in particular property, such property is exempt if no party in interest objects. 11 U.S.C. § 522(*l*). Thus the cars in question became property of the debtor after the fifteen-day period for objections to exemption expired. The debtor filed no amendment to his schedule, and thus no automatic extension of time to object occurred. *See* Bankruptcy Rule 4003(b) (effective since August 1, 1983).

■ The debtor argues that the trustee is mounting a collateral attack on the claimed exemptions by seeking to sell the assets. In effect, this contention is valid, since only by avoiding the exemption can she sell the property. She has not sought to reopen the matter under Bankruptcy Rule 9024. There is no reason to believe she could prevail on such a motion if made, since as applied to the present matter, the one-year period for relief based on mistake, new evidence, or fraud has expired. In this context it is apparent that the debtor misstated the value of the property in part by erroneously deducting the value of the lien from his estimate of the fair value of the cars. Issues arising from the debtor's schedules have been resolved in his favor in the prior adversary proceeding, n. 2, *supra.*

The trustee has not sought a revaluation of the subject property, though such a revaluation is implied in her application. In any event, a collateral attack on exemptions by means of an application for appraisal outside the period for objections is barred. *In re Walsh,* 5 B.R. 239 (Bkrtcy.D.C.1980). A contrary holding would inevitably detract from any reasonable certainty a chapter 7 debtor might be entitled to in his pursuit of a fresh start.

■ The trustee is precluded by the prior proceeding from alleging affirmative misrepresentation by the debtor. The most she could claim would be that the railroad cars have increased in value since the petition. But in a chapter 7 case exemptions are determined and evaluated as of the date the petition for relief is filed. *In Re Bartoszewski,* 36 B.R. 424 (Bkrtcy.N.D.N.Y. 1984); *cf. In Re Cameron,* 25 B.R. 119, 120 (Bkrtcy.W.D.Ohio 1982). "The value and nature of [exempt property are] determined as of the date the bankruptcy petition is filed." *In Re Walters,* 14 B.R. 92, 95 (Bkrtcy.S.D.W.Va.1981). "When exemptions are claimed ... the fact that the value of the property that the debtor seeks to exempt has changed since the filing of the petition will not affect the amount of such property that the debtor may exempt." 3 *Collier on Bankruptcy* ¶ 522.03 at 522–15 (15th ed. 1983). The debtor's objection to the trustee's application to sell the "CBQ coach" and Jordan Spreader should be sustained.

Upon the foregoing, which constitutes my findings of fact and conclusions of law in this matter, it is ORDERED

That the trustee's application to sell the debtor's "CBQ coach" and Jordan Spreader is denied.