In re Jonas Albert **KRETZER**, Betty Ann Kretzer, Debtors.

Jonas Albert **KRETZER**, Betty Ann Kretzer, Plaintiffs,

v.

**DFW FEDERAL CREDIT UNION** formerly Braniff Airways Federal Credit Union, and Does I through V, inclusive, Defendants.

Bankruptcy No. BK–LV–82–621.
Adv. No. 83–770.

United States Bankruptcy Court,
D. Nevada.

April 19, 1985.

---

Phillip S. Aurbach, Colucci, Minagil & Aurbach, Ltd., Las Vegas, Nev., for plaintiffs.

Donald H. Haight, John F. O'Reilly, A Professional Corp., Las Vegas, Nev., for defendants.

## MEMORANDUM DECISION

ROBERT CLIVE JONES, Bankruptcy Judge.

The debtors, Jonas Albert Kretzer and Betty Ann Kretzer, brought this action to recover damages caused by the defendant DFW Federal Credit Union's (DFW) wrongful repossession of their 1980 Ford pickup truck. The Court must decide whether repossession of exempt property after the debtors discharge violates the automatic stay.

In late 1979, the debtors purchased a 1980 Ford pickup truck using funds borrowed from DFW. The debtors gave DFW a properly perfected security interest in the truck.

The debtors filed their voluntary Chapter 7 petition and schedules in the Bankruptcy Court for the District of Nevada on May 18, 1982. The debtors' schedule of assets and liabilities listed the truck as security for the balance owed to DFW. The debtors also listed the truck on their schedule of property claimed as exempt. The first meeting of creditors was held on June 28, 1982. Notice of the creditors meeting was mailed to all creditors. The notice informed the creditors of their right to object to any of the debtors' claims of exempt property. No objections were filed. On November 16, 1983, the debtors received their discharge. The defendant repossessed the debtors' truck on November 24, 1983. This adversary proceeding was subsequently commenced.

The debtors have moved for partial summary judgment arguing that the truck was property of the estate when it was repossessed. Therefore, DFW's repossession of the truck violated the automatic stay.

DFW opposed the debtors' motion and countermoved for partial summary judgment. DFW argues that the truck was no longer property of the estate because the debtors had claimed it as exempt under 11 U.S.C. § 522(b). DFW also contends that the stay had been lifted by the debtors' discharge prior to the repossession of the truck.

Bankruptcy Rule 7056 makes Federal Rule of Civil Procedure 56 applicable to this adversary proceeding. The plaintiff, the defendant, or both may move for summary judgment; a motion for summary judgment is properly granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The material facts in this proceeding, as stated above, are not in issue. Therefore, the Court will decide the respective motions on their legal merits.

■ The filing of a petition in bankruptcy creates an estate comprised of all legal or equitable interests in property held by the debtor when the petition is filed. 11 U.S.C. § 541(a). An individual debtor may then claim certain property as exempt from the bankruptcy estate. 11 U.S.C. § 522(b). The trustee or any other creditor may object to the debtor's claim of property as exempt within 30 days after the first meeting of creditors. Bankruptcy Rule 4003(b). The time for filing objections may be enlarged only during the 30 day period following the first meeting of creditors. Bankruptcy Rules 9006(b)(3) and 4003(b).[1]

■ Unless a party in interest timely objects, property claimed as exempt is exempted from the bankruptcy estate. 11 U.S.C. § 522(*l*). *Matter of Wiesner*, 39 B.R. 963, 965 (Bkrtcy.W.D.Wis.1984); *Matter of Gullickson*, 39 B.R. 922, 923 (Bkrtcy. W.D.Wis.1984). Property exempted from the estate revests in the debtor. *See In re Berry*, 11 B.R. 886, 890 (Bkrtcy.W.D.Penn. 1981); *In re Cruseturner*, 8 B.R. 581, 590 (Bkrtcy.D.Utah 1981); 3 Collier on Bankruptcy ¶ 522.26, at pp. 522–75 and 522–76 (15th ed. 1980).

■ The filing of a petition in bankruptcy also operates as a stay of all acts by all entities to take possession of or exercise control over property of the estate. 11 U.S.C. § 362(a). The automatic stay is designed to protect property of the debtor as well as property of the estate. Bankruptcy Code § 362(a), in pertinent part, specifically enjoins:

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; ...

1. The debtors filed their voluntary Chapter 7 petition on May 18, 1982. The current Bankruptcy Rules were adopted by the Supreme Court on April 25, 1983, and became effective on August 1, 1983. The new Bankruptcy Rules were applicable to cases and proceedings pending on that date, "except to the extent that in the opinion of the Court their application in a pending proceeding would not be feasible or would work injustice." Order of the Supreme Court Adopting the Rules of Bankruptcy Procedure, reprinted in 1985 Collier Pamphlet Edition Part II, Bankruptcy Rules, at p. 2 (Collier 1985).

It is feasible and just to apply Bankruptcy Rules 4003(b) and 9006(b)(3) in this case which was pending on August 1, 1983. In fact, it would be infeasible to apply former Bankruptcy Rule 403 in this case because that rule required the trustee or, in some instances, the Bankruptcy Judge, to render and report an opinion as to the propriety of the debtor's claimed exemptions. No such reports or opinions are required under the Code. Former Bankruptcy Rule 403 is inconsistent with the Bankruptcy Code and, therefore, is inapplicable in this case. *See In re Waters*, 22 B.R. 387, 388 (Bkrtcy.N.D.Tex.1982); *In re Darke*, 18 B.R. 510, 512 (Bkrtcy.E.D.Mich. 1982); *Matter of Shaffer*, 8 B.R. 497, 503 (Bkrtcy.E.D.N.Y.1981). As in the *Shaffer* case, this question is academic because no intervening rights were affected, and no objections to the debtors' exemption of the pick-up truck have been filed.

The automatic stay, however, is only a temporary injunction. Bankruptcy Code § 362(c) specifies events triggering the lifting of the stay by operation of law:

> (c) Except as provided in subsections (d), (e), and (f) of this section—
> (1) the stay of an act against property of the estate continues until such property is no longer property of the estate; and
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of—
> (A) the time the case is closed;
> (B) the time the case is dismissed; or
> (C) if the case is a case under Chapter 7 of this title concerning an individual ..., the time a discharge is granted or denied.

The legislative history of § 362(c) clarifies the application of that section:

> Subsection (c) of section 362 specifies the duration of the automatic stay. Paragraph (1) terminates a stay of an act against property of the estate when the property ceases to be property of the estate, such as by sale, abandonment, or exemption. It does not terminate the stay against property of the debtor if the property leaves the estate and goes to the debtor. Paragraph (2) terminates the stay of any other act on the earliest of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied (unless the debtor is a corporation or partnership in a Chapter 7 case.)

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. at 343 (1977), U.S.Code Cong.Admin.News 1978, p. 5787, 6299.

■ Thus, the stay of acts against estate property terminates when the property leaves the estate. Property claimed as exempt leaves the estate and revests in the debtor if no objections are timely filed. The stay of acts against the debtor's property terminates when the debtor is discharged.

In this case, the truck became estate property when the debtors' petition was filed on May 7, 1982. The debtor claimed the truck as exempt on May 18, 1982. The first meeting of creditors was held on June 28, 1982. No party in interest has objected to the debtors' exemption of the truck. The truck, therefore, became exempt from the bankruptcy estate and revested in the debtors. 11 U.S.C. § 522(*l*). DFW then repossessed the truck from the debtors. The repossession by DFW did not violate the automatic stay of acts against property of the estate because the truck was no longer estate property.

In addition, DFW did not violate the automatic stay of acts against property of the debtors under 11 U.S.C. § 362(a)(5). The debtors received their discharge on November 16, 1983, 8 days prior to DFW's repossession of the truck. The stay of acts against property of the estate terminated by operation of law when the debtors were discharged. 11 U.S.C. § 362(c)(2)(C). DFW's repossession of the debtors' truck could not have been in violation of the stay because the stay against the debtors' property had previously terminated by operation of law.

Accordingly, the debtors' motion for partial summary judgment is denied, and DFW's motion for partial summary judgment is granted.