In re Robert B. HARRÉLL d/b/a H & H Fuel Services, Ltd., Debtor.

Robert B. HARRELL d/b/a H & H Fuel Services, Ltd., Plaintiff,

v.

UNITED STATES of America Acting Through the INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 81–00080.
Complaint No. 85–0079.

United States Bankruptcy Court, D. South Carolina.

Dec. 12, 1985.

H. Flynn Griffin, Campbell, Griffin & Campbell, Walterboro, S.C., for plaintiff/debtor.

Heidi Solomon, Asst. U.S. Atty., Charleston, S.C., for defendant.

### MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The debtor asks the court to enjoin the Internal Revenue Service (IRS) from seizing assets of the debtor in order to satisfy post-confirmation tax liabilities. In the alternative, the debtor seeks actual and punitive damages for IRS' alleged violation of the automatic stay provided in 11 U.S.C. § 362(a). IRS seized the debtor's assets prior to trial, thereby rendering moot the issue of injunctive relief.

### FACTS

The debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*[1]) on January 22, 1981.

On February 23, 1982, the debtor's plan of reorganization was confirmed.

As of April 1985, the debtor's *post-confirmation* tax liabilities were in excess of $40,000. On April 22, 1985, IRS seized assets of the debtor's business. As a result of this seizure, the debtor was forced to close his business—the closing resulted in the debtor's being damaged due to loss of revenue.

1. Further reference to the Bankruptcy Code is by section number only.

## ISSUES

The joint pretrial order states the issues:

1. Whether the automatic stay applies to protect the plaintiff's assets from IRS levy for post-confirmation taxes.

2. If the automatic stay does protect the plaintiff's assets from IRS levy, is the plaintiff entitled to damages resulting from the levy, and is his attorney entitled to attorney's fees?

## DISCUSSION

### I

With respect to the first issue, it is necessary to examine both § 362 and § 1141. Section 362(c) provides:

Except as provided in subsections (d), (e), and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.

Section 1141(b) states:

Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

### A

It might appear that the court should lift the stay (1) because the debtor's plan of reorganization has been confirmed—thus vesting the property of the estate in the debtor, § 1141(b), *and* (2) because § 362(c)(1) says that the stay continues un-

til the property is no longer property of the estate.

But it must be remembered (as pointed out in the legislative history), § 362(c)(1):

[T]erminates a stay of an act against property of the estate when the property ceases to be property of the estate such as ·by sale, abandonment, or exemption. *It does not terminate the stay against property of the debtor if the property leaves the estate and goes to the debtor.* (Emphasis added).

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343–4 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5963, 6299–6301. *See also, Hickman v. First State Bank of Cordele (In re Motley),* 7 B.C.D. 477, 10 B.R. 141, 4 C.B.C.2d 36 (Bankr.M.D.Ga.1981). The author of the legislative history appears to be alluding to the protection afforded the debtor by § 362(a)(5).[2] As stated in *Guild Mortgage Company v. Cornist (In re Cornist),* 7 B.R. 118 (Bankr.S.D.Cal.1980):

[P]roperty in the hands of the debtor is independently protected by the provisions of Section 362(a)(5), which automatically stays a wide variety of actions against *the debtor's property,* including judicial or private foreclosures. *See 2 Collier, supra,* ¶ 362.04[5] at 362–34. This stay is also one of limited duration which terminates automatically under Section 362(c)(2) when a discharge is granted or denied or when the case is closed or dismissed.

*Cornist* at 120. *See also, General Motors Acceptance Corporation v. Bell (In re Bell),* 700 F.2d 1053 (6th Cir.1983); *Browning v. Navarro,* 743 F.2d 1069 (5th Cir. 1984); *Riggs National Bank of Washington, D.C. v. Perry (In re Perry),* 29 B.R. 787, 9 C.B.C.2d 931 (D.C.D.Md.1983).

▬ The property, upon confirmation of the plan, became property of the debtor which continues to be protected by the automatic stay provided in § 362(a)(5) until such time as it is terminated under § 362(c)(2).

---

**2.** § 362(a)(5) provides, in pertinent part: [A] petition ... operates as a stay ... of any act to create, perfect or enforce against property of

the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title.

Thus the automatic stay continues in effect until the case is closed, dismissed, or the debtor receives a discharge.

B

 And that brings us to § 1141(d)(1)(A) which states:

Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—(A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title....

The plan has been confirmed. The debtor was entitled to a discharge, § 1141(d), upon confirmation of the plan. The confirmation of the plan discharged the debtor,[3] and that, in turn, lifted the automatic stay. § 362(c)(2)(C).

As to the duration of the § 362 stay:

It is therefore apparent (1) that the stay remains in effect as long as the property remains in the debtor's estate; and (2) that upon abandonment by the trustee, the property leaves the estate and goes back to the debtor, in which case it is protected from creditor action, absent circumstances justifying modification of the stay, until a discharge is either granted or denied in accordance with § 362(c)(2)(C).

*Perry* at 794. *See also, Kretzer v. DFW Federal Credit Union (In re Kretzer)*, 48 B.R. 585 (Bankr.D.Nev.1985) in which the Bankruptcy Court, said:

[T]he stay of acts against estate property terminates when the property leaves the estate. Property claimed as exempt leaves the estate and revests in the debtor if no objections are timely filed. The stay of acts against the debtor's property terminates when the debtor is discharged.

*Kretzer,* at 588.

The automatic stay having expired, the assets of the debtor were not protected from levy by IRS.

---

**3.** Mindful of Bankruptcy Rule 4008, the court considers the § 524(d) hearing to have been

 Further, section 524—the discharge injunction—does not operate to stay IRS's seizing the debtor's assets. Section 524, in pertinent part, states:

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and....

The discharge injunction only applies to debts which have been discharged. The debt to IRS arose post-confirmation; therefore, it is not discharged and the discharge injunction does not apply. Sections 1141(d)(1)(A) and 524(a)(2).

II

Inasmuch as the court has determined that the stay afforded by § 362 no longer applies to IRS in this case, the second issue is moot.

ORDER

Accordingly, IT IS ORDERED, ADJUDGED AND DECREED that:

1. The § 362 automatic stay had terminated, pursuant to § 362(c)(2), prior to IRS' levy, therefore, the plaintiff's motion for actual and punitive damages for the alleged violation of the automatic stay should be, and, hereby, is denied.

2. The second issue has become moot.

---

contemporaneous with the final confirmation hearing.