**Lloyd SEIFERT and Marcella Seifert, Plaintiffs,**

v.

**R. Earl SELBY, Defendant.**

**File No. 88–CV–10247–BC.**

United States District Court,
E.D. Michigan, N.D.

Feb. 10, 1989.

Order Denying Defendant's Motion For Reconsideration March 20, 1989.

Marshall A. Yee, Grand Ledge, Mich., for appellants.

R. Earl Selby, Bay City, Mich., appellee pro se.

## ORDER ON APPEAL

CHURCHILL, District Judge.

### Factual Setting

On December 1, 1987, Lloyd and Marcella Seifert ("Debtors") filed for relief under Chapter 7 of the federal bankruptcy code. On Schedule B–1, Debtors listed a land contract vendee interest in 6.4 acres of real property located in Gratiot County, Michigan. Debtors indicated that the fair market value of the land was $22,500, and that the balance due on the land contract was $16,000.[1] On Schedule B–4, Debtors claimed as exempt $6,500 in equity associated with their land contract vendee interest.

A creditors' meeting was held on January 5, 1988. Two weeks later, Debtors filed an amended Schedule B–4, which cited the relevant statutory authority for the claimed realty exemption. *See* 11 U.S.C. § 522(d)(5). The amended schedule also recounted Debtors' intention to forego certain personal property exemptions in order to protect any additional equity, up to $8,350, Debtors may have had in the land contract vendee interest. Neither the trustee (the defendant in this action) nor any other creditors objected to the exemption.

On April 14, 1988, the trustee filed a notice of intent to sell and an application for judicial approval of the sale of the Gratiot County property. At a hearing on May 12, 1988, the bankruptcy court ruled that the property could be sold. The sale proceeds were to be allocated first to pay the land contract vendor's interest, then to satisfy Debtors' claimed exemption, with the excess going to the creditors. An order authorizing the sale of property for $26,000 was filed on August 11, 1988. The closing was stayed for thirty days to allow Debtors to file this appeal.

In objecting to the entry of the order, Debtors assert that their interest in the property was claimed as exempt and that no objections to the exemption were filed. Debtors contend that the land is no longer property of the bankruptcy estate, and consequently the trustee lacks the authority to sell the property.

### Discussion

■ When a party files for protection from creditors under the bankruptcy laws, all of the debtor's property becomes property of the bankruptcy estate. *See* 11 U.S.C. § 541. A debtor may, however, claim certain property as exempt. *Id.* § 522(b). Properly exempted property reverts to the debtor. *See* 3 Collier on Bankruptcy ¶ 522.26 (15th ed. 1987); *see also In re Bennett*, 36 B.R. 893 (Bankr.Ky.1984) (holding that property claimed as exempt becomes exempt only if there is statutory basis for exemption).

■ Parties in interest may object to claimed exemptions within thirty days of the creditors' meeting or the filing of any amendment to the list of exempt property. *See* Bankr.R. 4003(b). Unless a party in interest timely objects, property claimed as

---

1. The amount due on the land contract was subsequently determined to be $16,800.

exempt by a debtor is exempt. *See In re Dembs,* 757 F.2d 777, 780 (6th Cir.1985) ("[O]bjections to claimed exemptions must be made within thirty days after the creditors' meeting or any amendment, or they are waived.").

 In this case, Debtors claimed an exemption in their land contract vendee interest. Neither the trustee nor any creditors objected to the claimed exemption in a timely manner. *Cf. In re Grosslight,* 757 F.2d 773, 777 (6th Cir.1985) (allowing late objections when party in interest takes some action within 30–day period which puts debtor on notice that claimed exemption is disputed). Thus, the issue presented is to what extent exempt property subject to a security interest reverts to the debtor, and to what extent it remains property of the bankruptcy estate.

In *In re Reich,* 54 B.R. 995 (Bankr.E.D. Mich.1985), the debtors claimed as exempt $15,250 of equity held in a storefront property. No objection to the claim was filed. Rejecting the argument that a failure to object meant that the store itself was no longer estate property, the bankruptcy court found that the property was merely "encumbered by a lien in favor of the debtors" in the amount of the claimed exemption. *Id.* at 1003. No authority was offered in support of this proposition. In addition, the court indicated that "the question of whether the building was technically 'in' or 'out' of the estate ... was immaterial [to the resolution of the case]." *Id.*

A contrary conclusion was reached in two other cases. In *Matter of Wiesner,* 39 B.R. 963 (Bankr.W.D.Wis.1984), a debtor claimed as exempt a part ownership in railroad cars that were subject to a sizeable lien. No objections to the exemption were filed. The court held that "the *cars* in question became property of the debtor after the ... period for objections to exemption expired." *Id.* at 965 (emphasis added). Similarly, in *In re Kretzer,* 48 B.R. 585 (Bankr.D.Nev.1985), debtors owned a pickup truck that was subject to a security interest. The debtors listed the truck on their schedule of exempt property. No party in interest objected to the debt-

or's exemption of the truck. The court concluded that "the *truck* ... became exempt from the bankruptcy estate and revested in the debtors." *Id.* at 588 (emphasis added).

Although *In re Reich* is factually parallel with the case at bar, its discussion of the pertinent issue is admittedly obiter dictum. This Court adopts the approach of the *Wiesner* and *Kretzer* courts as consistent with settled law. It is common ground that "[t]he concept of exempt property is designed to let the debtor retain a few basic essentials for a fresh start." *In re Van Iperen,* 819 F.2d 189, 191 (8th Cir. 1987). Yet if, after claiming property as exempt, a debtor has only the equivalent of a *lien* in the amount of the claimed exemption, *see In re Reich,* 54 B.R. at 1003, the debtor would *not* be guaranteed the use and enjoyment of "a few basic *essentials*" necessary for a fresh start. For instance, if a creditor foreclosed on exempt property, the debtor would be left with a simply a sum of money, rather than the property itself. Furthermore, the *Wiesner* and *Kretzer* approach is consistent with other cases which hold that exempt property, including its insured value, reverts to the debtor. *See In re Rutherford,* 73 B.R. 665, 668 (Bankr.W.D.Mo.1986); *In re Snow,* 21 B.R. 598, 601 (E.D.Cal.1982).

Accordingly, IT IS ORDERED THAT the bankruptcy court's Order Allowing Sale of Property of the Estate be, and hereby is, *reversed.* IT IS FURTHER ORDERED THAT this matter be, and hereby is, *remanded* to the bankruptcy court for proceedings consistent with this order.

So ordered.

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant Selby has moved for reconsideration of this Court's February 10, 1989 Order on Appeal, which held that in the absence of objections to a debtor's claimed exemption, the exempted property reverts to the debtor and may not be sold by the bankruptcy trustee. Upon review, the Court finds that although a contrary conclusion *may* be tenable, the prior order did

not contain such "palpable defects" as to command a different disposition of the case. *See* Local Rule 17(m)(3).

By statute, property claimed as exempt is exempt, unless a party in interest timely objects. *See* 11 U.S.C. § 522(1). As a general rule, once property is exempted from the bankruptcy estate, it revests in the debtor and is no longer part of the estate. *See, e.g., In re Hahn*, 60 B.R. 69, 73 (Bankr.D.Minn.1986); *see also In re Kasishke*, 40 B.R. 712, 714 (Bankr.N.D.Tex. 1984) (noting that debtor can dispose of exempt property once it has been removed from the bankruptcy estate). The issue raised in this case is whether the same rule applies when the value of the debtor's interest in the exempted property exceeds the statutory exemption amount or whether the debtor retains only a portion of the exempt property (equal to the exemption amount). In addition to the cases discussed previously, *see In re Reich*, 54 B.R. 995 (Bankr.E.D.Mich.1985); *In re Weisner*, 39 B.R. 963 (Bankr.W.D.Wis.1984); *In re Kretzer*, 48 B.R. 585 (Bankr.D.Nev.1985), the Court has found additional authority addressing the issue. *See In re Wittenwyler*, 62 B.R. 479 (Bankr.W.D.Wis.1986). Strangely, these cases do not refer, either favorably or unfavorably, to one another. Moreover, there would appear to be a difference of opinion as to the proper resolution of the issue. *Compare In re Weisner*, 39 B.R. at 965 (holding that "the *cars* in question became property of the debtor after the ... period for objections to exemption expired.") (emphasis added); *In re Kretzer*, 48 B.R. at 588 (concluding that "the *truck* ... became exempt from the bankruptcy estate and revested in the debtors.") *with In re Reich*, 54 B.R. at 1003 (stating in dictum that exempt property was merely "encumbered by a lien in favor of the debtors" in the amount of the claimed exemption); *In re Wittenwyler*, 62 B.R. at 481 (noting that title to property claimed as exempt does not revert in toto to the debtor merely because the entire value of the property is either claimed as exempt or encumbered). One approach does not appear any more "palpably defective" than the other. Accordingly, IT IS ORDERED THAT Defendant's motion for reconsideration be, and hereby is, *denied*.

So ordered.