**In the Matter of Steven Duane HEFLIN, Debtor.**

**Bankruptcy No. GT96–88579.**

United States Bankruptcy Court,
W.D. Michigan.

Oct. 28, 1997.

---

Paul F. Davidoff, Kalamazoo, MI, for Steve Duane Heflin.

James W. Boyd, Traverse City, MI, Chapter 7 Trustee.

## OPINION DENYING DEBTOR'S MOTION TO COMPEL TRUSTEE TO ABANDON REAL PROPERTY

JAMES D. GREGG, Bankruptcy Judge.

## INTRODUCTION

In this chapter 7 case, Steven Duane Heflin (the "Debtor") has filed a motion to compel James W. Boyd (the "Trustee") to abandon a 40–acre parcel of real property ("the Property") in which the Debtor has claimed exemptions. The issue before the court is whether the Trustee is legally required to abandon the Property where the total amount of liens against the Property and exemptions claimed by the Debtor exceed the scheduled value of the Property as of the filing date and where the Trustee has failed to make a timely objection to the Debtor's claimed exemptions. Stated differently, is the Trustee required to object to the Debtor's scheduled value of the Property? This court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1). This matter is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A), (B) and (O).

## BACKGROUND

The Debtor filed a voluntary petition pursuant to chapter 7 of the Bankruptcy Code on December 6, 1996. In Schedule A–Real Property, the Debtor stated the Property had a market value of $16,000. That schedule also stated the Property was subject to a secured claim of $431.25. The Debtor claimed the maximum residence exemption of $15,000 available under 11 U.S.C. § 522(d)(1).[1] The Debtor also claimed a catchall exemption in the Property of $579 pursuant to 11 U.S.C. § 522(d)(5).[2]

The Section 341 meeting was held and closed on January 14, 1997. The Trustee has not objected to the Debtor's exemptions. The Debtor asserts that shortly after the § 341 meeting, a developer announced plans to purchase and develop land near the Debtor's residence which has increased the value of the Property from $16,000 to $40,000.

---

1. Michigan has not opted out of federal exemptions in 11 U.S.C. § 522(d). Section 522(d)(1) provides that the following property may be exempted:

   (1) The debtor's aggregate interest, not to exceed $15,000 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

   11 U.S.C. § 522(d)(1).

2. Section 522(d)(5) provides that the following property may be exempted:

   (5) The debtor's aggregate interest in any property, not to exceed in value $800 plus up to $7,500 of any unused amount of the exemption provided under paragraph (1) of this subsection.

   11 U.S.C. § 522(d)(5).

On May 29, 1997, Debtor filed a motion to seeking to compel the Trustee to abandon the property. The Debtor contends the Trustee must abandon the Property in its entirety because the claimed exemptions exceed the scheduled value as of the filing date, and that the Debtor is entitled to any postpetition appreciation of the Property. The Trustee responds that he is not obligated to object to the Debtor's claimed exemptions because they were within the statutory maximums allowed by law. He also argues that the Debtor's exemption is limited to the specific dollar amount listed in Schedule C–Property Claimed Exempt and that the Property remains in the bankruptcy estate and is subject to administration, i.e., possible sale and distribution of nonexempt proceeds to creditors. Under these circumstances, the Trustee states he should not be compelled to abandon the Property.

## DISCUSSION

Debtor's motion to abandon is brought pursuant to Section 544(b) of the Bankruptcy Code which states:

> On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

11 U.S.C. § 544(b). There is no evidence whatsoever to suggest that the Property is "burdensome to the estate." Therefore, the issue before the court is whether the Property is "of inconsequential value and benefit to the estate."

■ The United States Court of Appeals for the Sixth Circuit has set forth guidelines to be considered by bankruptcy courts when facing a motion to abandon. "An order compelling abandonment is the exception, not the rule." *See Morgan v. K.C. Machine & Tool Co. (In re K.C. Machine),* 816 F.2d 238, 246 (6th Cir.1987). Generally, "[a]bandonment should not be ordered where the benefit of administering the asset exceeds the cost of doing so." *Id.* Moreover, "[a]bsent an attempt by the trustee to churn property worthless to the estate just to increase fees, abandonment should very rarely be ordered." *Id.* In sum, the Sixth Circuit has concluded that "compelled abandonment is not available where administration promises a benefit to the estate." *Id.* at 247. *See also In re Pepper Ridge Blueberry Farms,* 33 B.R. 696, 698 (Bankr.W.D.Mich.1983)("Congress only intended the abandonment proceeding to be used where there is no question of facts or law involved and for a trustee or debtor in possession to hold assets for no benefit to the estate would unconscionable.").

In this case, the Debtor argues that there was no net equity remaining in the Property because his claimed exemptions combined with the existing lien amount exceed the scheduled value of the Property as of the date of the filing. Therefore, the Debtor avers the Property is of inconsequential value and no benefit to the estate and must be abandoned, notwithstanding any postpetition appreciation in value. The Debtor also contends that the Trustee is bound by the claimed exemptions because he did not file a timely objection under Section 522(*l*).[3] Bankruptcy Rule 4003(b) requires that an objection be filed within 30 days after the conclusion of the § 341 meeting unless, during the 30 day period, the court extends the time for objections.[4] Because the Trustee failed to object to the exemptions within the

---

**3.** Section 522(*l*) provides:

The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.
11 U.S.C. § 522(*l*).

**4.** Rule 4003(b) provides:

**(b) OBJECTIONS TO CLAIM OF EXEMPTIONS.** The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedule unless, within such period, further time is granted by the court. Copies of the objections shall be delivered to be mailed to the trustee and to the person filing the list and the attorney for such person.
FED R. BANKR. P. 4003(b).

requisite time, the Debtor contends that the Property is fully exempt, is of no benefit to the estate, and must be abandoned.

The Debtor relies on the Supreme Court's opinion in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In *Taylor*, the Court held that a chapter 7 trustee could not contest the validity of a claimed exemption after the expiration of the Rule 4003(b) 30–day objection period, even though the debtor had no colorable basis for claiming the exemption. *Taylor*, 503 U.S. at 643–45, 112 S.Ct. at 1647–49. In *Taylor*, that debtor claimed an exemption for proceeds from a discrimination suit which she had pending against her employer. In her schedules, the debtor described the value of the exempt property as "unknown." During the first meeting of creditors, the debtor orally estimated that her claim was worth $90,000. In response to further inquiries from the trustee, the debtor optimistically raised her estimation to $110,000. Nevertheless, the trustee decided not to object to the claimed exemption because he doubted that the lawsuit had any value. Eventually, the debtor settled with her employer for $110,000 which resulted in a net recovery to the debtor of $71,000.

The trustee in *Taylor* then demanded that the debtor turnover the settlement proceeds as property of the estate. The debtor refused and asserted that the recovery was fully exempt. The bankruptcy court disagreed because, in its view, there was no statutory basis for the claimed exemption; the proceeds remained property of the estate, despite the trustee's failure to object to the claimed exemptions. In the eventual reversal, the Supreme Court concluded that the debtor was entitled to retain all proceeds because the trustee failed to file a timely objection to the claimed exemption as required under § 522(*l*) and Rule 4003(b). The Court held that the trustee's failure to file a timely objection prevented him from belatedly challenging the validity of the exemption notwithstanding the lack of any legitimate statutory basis for the exemption. 503 U.S. at 642, 112 S.Ct. at 1647–48.

■ There are several subtle, but very important, facts which distinguish the *Taylor*

case from the case currently pending before this court. First, there were several "red flags" present in *Taylor* which should have caused the trustee to object to the claimed exemption, or at least request an extension of time for making objections so as to provide additional opportunity to investigate. For instance, the debtor in *Taylor* sought to exempt "Proceeds from lawsuit-[Davis] v. TWA" and "Claim for lost wages" without specifying any statutory basis for the exemption. In contrast, the exemptions filed by this Debtor refer to a *"Home* located in Luther, Michigan 49656" and the Debtor cited the specific statutory provision for the residence and catchall exemptions as "11 USC 522(d)(1)" and "11 U.S.C. 522(d)(5)." *See* Debtor's Schedule C–Property Claimed Exempt (italics in original). Thus, the Trustee had no reason to object to the homestead and related catchall exemptions claimed by the Debtor because he cited to the correct statutory provision which allows such exemptions.

Second, with respect to the amount claimed as exempt, the debtor in *Taylor* stated "unknown" in her schedules. Thereafter, the debtor estimated that the value of her lawsuit was $90,000 and $110,000. In *Taylor* the trustee had sufficient reason to believe that the debtor was seeking to exempt the entire amount of the proceeds from her lawsuit. Conversely, in this case the Debtor did not indicate in his schedules that he intended to claim the entire value of the Property as exempt, regardless of its eventual sale price or market value. Instead, the Debtor's schedules set forth specific dollar amounts, i.e., $15,000 and $579 which are consonant with the maximum statutory exemptions. Again, the Trustee had no reason to object to the amount of the exemptions because they were within the limits established by the Code.

Thus, unlike the facts in *Taylor*, this case does not involve a situation where the Trustee has failed to object to an improper exemption and then is bound by the consequences of his decision. Rather, the Trustee in this case did not object because there was both a valid statutory basis for the exemptions and the amount was within the statutory limits.

Indeed, if the Trustee had filed an objection, it most likely would have been denied because the specific exemptions claimed in the Debtor's schedules are legally valid.

If no valid objection can be made to either the statutory grounds for the exemptions, or the amounts of the exemptions claimed by the Debtor, then the only possible reason for the Trustee to object would be to challenge the Debtor's estimation of the current *value* of the Property. Thus, the real basis for the Debtor's abandonment argument requires an erroneous leap of logic, i.e., when the amount of the claimed exemptions exceeds the amount of the estimated scheduled fair market value of the property (minus secured claims), *ipso facto* the entire value of the Property is totally exempt, even if the initial value is understated or if the Property subsequently appreciates in value.

A similar argument has been considered and rejected by the United States Court of Appeals for the Ninth Circuit in at least two separate cases. *See Hyman v. Plotkin (In re Hyman)*, 967 F.2d 1316 (9th Cir.1992) and *Alsberg v. Robertson (In re Alsberg)*, 68 F.3d 312 (9th Cir.1995), *cert. denied,* — U.S. ——, 116 S.Ct. 1568, 134 L.Ed.2d 667 (1996). In *In re Hyman*, the chapter 7 debtors claimed a $45,000 homestead exemption under California law in a residence which they valued at $415,000 and which was subject to liens in the amount of $347,611. The trustee did not object to the claimed exemption. However, when the trustee attempted to sell the house, the debtors objected on the grounds that their home was exempt in its entirety and was therefore no longer an asset of the estate. According to the *Hyman* debtors, their net equity in the house was less than the amount of their claimed exemption after deducting the value of the liens and estimated sales costs. The debtors further argued that they were not only entitled to the $45,000 exemption, but also any subsequent appreciation in value.

■ In *Hyman,* the bankruptcy court granted summary judgment in favor of the trustee and the Bankruptcy Appellate Panel affirmed. On appeal, the Ninth Circuit affirmed the ruling in favor of the trustee and held that the debtors' exemptions were limited to the $45,000 amount set forth in their schedules. After reviewing the debtors' schedules, Judge Kozinski wrote:

> The Hymens' schedule of exempt property listed "homestead" as an exemption under Cal.Civ.Proc.Code § 704.720, and valued the exemption at $45,000. Based on this information, the Hymans did not sufficiently notify others that they were claiming their entire homestead as exempt property; their schedule only gave notice that they claimed $45,000 as exempt, which is the proper amount of their homestead allowance under sections 704.720 and 704.730. Thus, the trustee had no basis for objecting, and could well have suffered the bankruptcy judge's ire had he objected to the $45,000 exemption to which the Hymens were clearly entitled.

*In re Hyman,* 967 F.2d at 1319 (citations omitted). Although the *Hyman* case involved the California homestead exemption as opposed to the federal residence exemption, the general principle is the same, i.e., where the debtor claims a specific dollar amount as exempt, the debtor is bound by that amount and (absent a subsequent amendment) cannot claim that the entire property is exempt. This is true even if the claimed exemption and encumbrances are equal to or greater than the current market value of the property as of the filing date.

Similarly to *Hyman,* the Debtor argues that the Property has appreciated in value since the filing of the petition and that he is entitled to retain the asserted postpetition increase in value because the Property was fully exempt and was removed from property of the estate. This identical argument was also rejected by the Ninth Circuit in *Hyman:*

> In any event, the Hyman's claim for appreciation is without merit. The California statute give the Hymens a $45,000 exemption as of the time of sale, not a $45,000 equity interest in the property.... The debtor's right to use the exemption comes into play not upon the filing of the petition, but only if and when the trustee attempts to sell the property. At that point, and not before, the debtor first faces the possibility of being dispossess of his home, and the grim prospect of having to

use the exemption money to find alternative housing.

*In re Hyman,* 967 F.2d at 1321.

Finally, Debtor argues that the Trustee should not be allowed to delay and hope the Property appreciates in value before a decision is made whether to sell or abandon the Property.[5] In response to a similar argument, the *Hyman* court stated:

> To the extent the trustee delays selling the home to wait for it to appreciate, the debtor gets to live in it for free. If the debtor believes he is being prejudiced by the trustee's delay, he can move for abandonment. 11 U.S.C. § 554(b); Bankr.Rule 6007.

*In re Hyman,* 967 F.2d at 1321, n. 11. The same analysis applies here. Indeed, the Debtor has pursued the remedy suggested by the Ninth Circuit, i.e., he has filed a motion for abandonment. Reiterating, in order to prevail on his motion, the Debtor must show that the Property is of no value or benefit to the estate. The Debtor has failed to do so. The Debtor has not demonstrated that his aggregate $15,579 claimed exemption exceeds the current fair market value of the Property or that the Trustee cannot possibly realize any benefit for the estate upon the sale of the Property. As noted by the Ninth Circuit:

> In making these calculations, the relevant figure is the actual sale price of the property, not the value of the property listed by the debtor on his schedule of assets. The Hymans' argument that the trustee is bound by the value listed on their schedule of assets because he did not object to that value within the 30 days allowed by Rule 4003 is misplaced.

*In re Hyman,* 967 F.2d at 1321, n. 9.

The *Hyman* decision was subsequently reaffirmed by the Ninth Circuit in *Alsberg v. Robertson (In re Alsberg),* 68 F.3d 312 (9th Cir.1995). In *Alsberg,* the debtor moved to compel the trustee to abandon the proceeds of the sale of his home, arguing that his $45,000 California homestead exemption ex-

ceeded the scheduled value of the residence minus the amount owed on the mortgage, and thus, the residence was effectively removed from the bankruptcy estate. Relying on its prior decision in *Hyman,* the Ninth Circuit affirmed the lower court rulings in favor of the trustee. In so holding, the court stated:

> When the original bankruptcy petition was filed, Alsberg's interest in the residence passed to the bankruptcy estate. Alsberg's California homestead exemption can be realized only from the net proceeds of sale received by the estate. The estate held an interest in the residence at all times after the petition was filed. Therefore, when the residence was sold, the proceeds of the sale vested in the estate. When Alsberg subsequently filed a claim for a $45,000 homestead exemption after the sale of the property, he became entitled to $45,000 of the proceeds, and no more.

*In re Alsberg,* 68 F.3d at 315.

■ Although the sale of the Debtor's property has not yet occurred in this case, the same analysis applies, i.e., where the Debtor claims a specific dollar amount for his federal statutory residence exemption, he is limited to the amount claimed. This court adopts the reasoning set forth in the Ninth Circuit's decisions in *Hyman* and *Alsberg,* Therefore, this court holds a trustee is not legally required to object to a debtor's scheduled value relating to specific property.

There are also practical policy considerations which militate against the Debtor's position. If this court were to accept the Debtor's arguments, then the Trustee would be placed in the untenable position of having to "object first and ask questions later" in every case where the claimed exemption exceeded the estimated fair market value minus secured claims. It would also provide an incentive for savvy (or less than candid) debtors to purposely underestimate the fair market value of the property in the hope that a trustee will fail to object and then be pre-

---

5. The facts in this case do not warrant a finding that the Trustee has unreasonably delayed in administering the Property. Rather, the Trustee has not attempted to sell the Property until the court has decided the current exemption dispute.

vented from subsequently administering the property on behalf of the estate.

Finally, binding a trustee to a debtor's estimated scheduled fair market value as a means of exempting the entire property subverts the Congressional intent of providing a fresh start for the honest but unfortunate debtor. If a debtor intends to fully exempt a particular piece of property in its entirety, regardless of its value, then the debtor should unambiguously express this intention in his schedules. Where the debtor makes a clear manifestation of his intent to seek an unlimited exemption in a specific piece of property, then the trustee has ample notice and can either file an objection or seek an extension of time in which to conduct further investigation. If the trustee fails to object, or fails to obtain a timely extension, then the trustee cannot subsequently challenge the validity of the exemption. *See supra, Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). *See also Rogers v. Laurain (In re Laurain),* 113 F.3d 595 (6th Cir.1997) (chapter 7 trustee must seek and obtain extension of time prior to expiration of 30–day time limit for filing objections under Rule 4003). However, the trustee is under no obligation to object where there is an appropriate statutory basis for the exemption and the amount claimed is within the statutory limits. Nothing in the Bankruptcy Code requires a trustee to object to the debtor's estimate of the fair market value of the property in which the debtor claims an exemption. Unlike the statutory basis for the exemption, or the dollar amount of the exemption, the fair market value of the property is not readily determinable by reviewing the schedules. Instead, the actual value of the property can only be fairly accurately estimated by an appraisal or ascertained by an eventual sale. The trustee has the discretion, for a reasonable time, to determine whether or not the estate will benefit from the sale of the property. If the trustee sells the property, the debtor is entitled to recover the entire listed exemption amount from the sale proceeds with the remainder available for distribution to the creditors. Conversely, if the trustee fails to sell the property within a reasonable time, the trustee should abandon the property. After a trustee has had adequate opportunity to sell property, a debtor may compel abandonment if it is shown the property has no benefit to the estate.

## CONCLUSION

This court finds that, as a matter of law, the Debtor's residence and catchall exemptions are limited to $15,749 as explicitly listed in his Schedule C. Consequently, the Debtor has failed to demonstrate that the Property is of inconsequential benefit to the estate and the Debtor's motion to compel the Trustee to abandon the Property is hereby denied.