**In re Carol A. BREGNI, Phillip
J. Bregni, Debtors.**

**Bankruptcy Nos. 96–56418–R, 96–48224–R.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Dec. 22, 1997.

Adam Wiener, Southfield, MI, for Debtors.

Nancy Nihem, Detroit, MI, for Trustee.

## MEMORANDUM OPINION DENYING MOTION TO ABANDON PROPERTY

STEVEN W. RHODES, Bankruptcy Judge.

### I. Background

Phillip Bregni filed for chapter 7 relief on June 6, 1996. Carol Bregni filed her chapter 7 petition December 12, 1996.[1] At the time of their respective filings, the debtors jointly owned a condominium located in Farmington Hills, Michigan. Each debtor scheduled the condominium and reported the market value as $120,000. First Security bank held a mortgage on the property for $90,000. The debtors each claimed a $15,000 exemption in the property pursuant to 11 U.S.C. § 522(d)(1).

In August 1997, the condominium was sold for $158,000. After payment of the secured claim and the debtors' exemptions, there remained approximately $30,000 in proceeds from the sale, in which the Bregnis asserted an interest. Phillip Bregni has since entered into an agreement with the trustee and has relinquished any and all interest in the proceeds. The only remaining issue therefore relates to Carol Bregni's claim of interest in the sale proceeds.

Carol Bregni ("Bregni") contends that because the trustee did not object to the exemptions of Carol and Phillip Bregni, he is time-barred under Rule 4003(b) from claiming an interest in the proceeds. Further, Bregni asserts that at the time the petition was filed, the condominium had a fair market value of $120,000 and a mortgage of $90,000. Because each debtor claimed an exemption of $15,000, Bregni contends that at the time the petition was filed there was no equity available to distribute to creditors, and therefore the property was completely exempted. It is Bregni's position that any increase in the value of the property since the filing of the petition belongs to her, not the estate. Bregni also contends that the trustee is barred by the doctrine of laches from now asserting an interest in the condominium.

The trustee asserts that the debtors each exempted only a $15,000 interest in the property, not the property itself. Further, any appreciation in the property after the petition was filed enures to the benefit of the estate, not the debtor.

### II. Discussion

#### A.

▮ Bregni filed a motion to abandon estate property. Pursuant to 11 U.S.C.

---

1. The Bregnis were separated at the time and have since divorced.

§ 554(b), property that is burdensome or of inconsequential value to the estate may be abandoned. The property at issue consists of a known sum of money, approximately $15,000 in proceeds from the sale of the condominium. Bregni has failed to demonstrate that the property is either burdensome or of inconsequential value to the estate. The issue here is not so much one of abandonment, but whether Bregni or the estate is entitled to the proceeds.

■ Section 541(a)(1) provides that property of the estate includes "all legal or equitable interests of the debtor as of the commencement of the case." 11 U.S.C. § 541(a)(1). The debtor is permitted to prevent the distribution of certain property of the estate by claiming it as exempt. *See* 11 U.S.C. § 522(b). As noted, the debtors each claimed a $15,000 exemption in the condominium pursuant to § 522(d)(1). That section permits a debtor to exempt his or her "aggregate interest, not to exceed $15,000 in value, in real property . . . ." 11 U.S.C. § 522(d)(1).

■ Bregni contends, relying on *Seifert v. Selby,* 125 B.R. 174 (E.D.Mich.1989), that the entire condominium is exempt, not just the interest claimed exempt. In *Seifert,* the district court held that property claimed exempt reverts back to the debtor in the absence of a timely objection, even when the debtor's interest in the property exceeds the statutory exemption amount. Although a blind application of *Seifert* does support Bregni's position, this Court believes, for the reasons stated in *In re Gaylor,* 123 B.R. 236 (Bankr. E.D.Mich.1991), that *Seifert* was wrongly decided.

In *Gaylor,* the court focused on the language of the exemption statutes, which limit the dollar amount of the available exemptions:

> It bears emphasizing that the foregoing statutory provisions speak in terms of the debtor's "interest" in property which does not exceed a particular value. The statute therefore seems to contemplate that that portion of the debtor's interest, if any, which exceeds the specified value cannot be exempt; indeed, to conclude otherwise

would render meaningless the value limitations contained in the statute. Thus, the language of the statute itself supports the conclusion that the scope of the debtor's exemption is not necessarily coextensive with the full value of the property in question.

*Gaylor,* 123 B.R. at 238.

The court further noted that courts have "consistently held that the debtor's property remains property of the estate to the extent its value exceeds the statutory amount which the debtor is permitted to exempt." *Id.* at 239 (citations omitted).

Bregni contends however that this Court is bound by the decision in *Seifert.* Although this Court has held that bankruptcy courts are bound by the decisions of a district court in which they sit, *see In re Moisson,* 51 B.R. 227 (E.D.Mich.1985), it has long since come to the conclusion, for the reasons set forth in *Gaylor,* that bankruptcy courts are not bound by district court decisions. *See Gaylor,* 123 B.R. at 241.

## B.

Bregni contends, relying on *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), that the action by the trustee is, in effect, an untimely objection to her claim of exemption. In *Taylor,* the debtor claimed exempt the "Proceeds from lawsuit—v. TWA." The debtor listed the value as "unknown." The trustee did not object because he believed the lawsuit had no value. However, the lawsuit eventually settled for $110,000. The Court held that the proceeds were not property of the estate because the debtor claimed them exempt and the trustee did not timely object. *Taylor,* 503 U.S. at 643, 112 S.Ct. at 1647–48.

There is a key distinction between *Taylor* and the case before this Court. In *Taylor,* the debtor listed the value of her exemption as "unknown" and claimed the entire asset exempt. Here, Bregni claimed only her $15,000 interest exempt, not the entire asset. Bregni is now arguing for an amount over and above her claimed exemption. *Taylor* does not compel this result.

Bregni also relies on *In re Green*, 31 F.3d 1098 (11th Cir.1994). There, the debtor claimed exempt her interest in a lawsuit from an auto accident. The debtor listed the value claimed exempt as one dollar. The trustee later arranged a $15,000 settlement of the lawsuit and the debtor moved to have the entire proceeds disbursed to her. The court held, relying on *Taylor v. Freeland & Kronz,* that because the debtor exempted the full reported value of the lawsuit, she was entitled to all of the proceeds. The *Green* court placed little, if any, significance on the debtor's reported value of the lawsuit as one dollar because the trustee conceded that he understood that the one dollar value listed represented a contingent value. *Id.* at 1100. Conversely, in this case, Bregni did not claim the entire value of the condominium exempt, only her $15,000 interest.

In *In re DeSoto,* 181 B.R. 704 (Bankr. D.Conn.1995), the court addressed facts similar to those before the *Green* court, reaching a contrary conclusion. There, the debtors claimed exempt their interest in stock, which they valued at $1.00. The trustee later arranged to sell the stock for $10,000. The debtors, relying on *Taylor v. Freeland & Kronz,* argued that because they exempted the entire value of the stock, i.e. $1.00, the title to the stock revested in them and any later increase in value belonged to them. The court noted that in *Taylor,* where the debtor listed the value of the exemption as "unknown," the trustee was fairly and reasonably on notice that his failure to object could deprive the estate of the property's value in an unlimited amount. However, in *DeSoto* the debtors valued their claim of exemption. Therefore, the trustee had a reasonable expectation that the exemption claim could not deprive the estate of more than the amount stated. *DeSoto,* 181 B.R. at 707. Furthermore, unlike the trustee in *Green,* the trustee in *DeSoto* relied on the debtor's scheduled value of $1.00 for their claimed exemption.

■ This Court agrees with the reasoning and result of *DeSoto.* Bregni claimed a $15,-000 exemption. The trustee had no reason to object and no cause to believe that the claim of exemption would deprive the estate of any more than the amount claimed. Accordingly, the Court finds that the condominium remained property of the estate.

### C.

■ Bregni also argues that if the amount of the claimed exemption, combined with any secured claims, exceeds or equals the fair market value of the property, the property is exempt in its entirety. As noted, the debtors each claimed a $15,000 exemption, First Security had a secured claim of $90,000, and the debtors listed the value of the property as $120,000. Therefore, Bregni contends, the property was completely exempted and any increase in value belongs to Bregni.

A number of courts have considered and rejected this argument. In *In re Hyman,* 967 F.2d 1316 (9th Cir.1992), the debtors claimed a $45,000 homestead exemption in their residence, which they listed as having a value of $415,000 and liens of $367,611. The trustee did not object to the exemption but later filed a motion for authority to sell the residence. The debtors objected on the grounds that the home was exempt in its entirety and no longer an asset of the estate. Further, the debtors argued that, in addition to their $45,000 exemption, they were also entitled to any increase in the value of the residence.

The bankruptcy court granted summary judgment in favor of the trustee and the bankruptcy appellate panel affirmed. On appeal, the ninth circuit affirmed, holding that the debtors' exemptions were limited to their $45,000 claimed exemption amount. In response to the debtors' assertion that they were entitled to the appreciation in the value of the property, the court stated:

> [T]he Hyman's claim for appreciation is without merit. The California statute gives the Hyman's a $45,000 exemption as of the time of sale, not a $45,000 equity interest in the property .... The debtor's right to use the exemption comes into play not upon the filing of the petition, but only if and when the trustee attempts to sell the property. At that point, and not before, the debtor first faces the possibility of being dispossessed of his home, and the

grim prospect of having to use the exemption money to find alternative housing.

*Hyman,* 967 F.2d at 1321 (footnote omitted); *see also In re Alsberg,* 68 F.3d 312 (9th Cir.1995); *In re Reed,* 940 F.2d 1317, 1323 (9th Cir.1991)("No doubt Debtor's argument that appreciation enured to him would have merit if his entire interest in the residence was set aside or abandoned to him; it was not."); *In re Prospero,* 107 B.R. 732, 736 (Bankr.C.D.Ca.1989); *In re Paolella,* 85 B.R. 974, 977 (Bankr.E.D.Pa.1988); 11 U.S.C. § 541(a)(6).

The court in *In re Heflin,* 215 B.R. 530 (Bankr.W.D.Mich. 1997), reached the same result. There, the debtor listed real property with a value of $16,000 and a secured claim of $431.25 on his schedules. The debtor claimed a $15,000 exemption pursuant to § 522(d)(1) and a catchall exemption for $579 under § 522(d)(5). The value of the debtor's property increased after filing from $16,000 to $40,000. The debtor filed a motion seeking to compel the trustee to abandon the property, arguing that the property was of inconsequential value to the estate because the claimed exemptions exceeded the value of the property as of the filing date, and the debtor was entitled to any postpetition appreciation in the property. Adopting the reasoning of *In re Hyman,* the court rejected the debtor's argument and held that where the debtor claims a specific dollar amount for his federal statutory residence exemption, he is limited to the amount claimed. *Heflin,* 215 B.R. at 535–36.

The *Heflin* court also noted an important policy consideration which undermined the debtor's position:

> If this court were to accept the Debtor's arguments, then the Trustee would be placed in the untenable position of having to "object first and ask questions later" in every case where the claimed exemption exceeded the estimated fair market value minus secured claims. It would also provide an incentive for savvy (or less than candid) debtors to purposely underestimate the fair market value of the property in the hope that a trustee would fail to object and then be prevented from subsequently administering the property on behalf of the estate.

*Id.* at 535.

This Court agrees with the reasoning of *Hyman* and *Heflin* and therefore finds that Bregni is limited to her $15,000 claimed exemption.

## D.

Finally, Bregni asserts that the doctrine of laches should prevent the trustee from taking the proceeds of the sale for the benefit of the estate. Bregni argues that the trustee made no effort to sell the property and did not get involved until the debtors found a buyer for the property. The Court rejects this argument. If Bregni believed the property was of no value to the estate, she could have moved for abandonment under § 554(b).

## III.

Accordingly, the Court concludes that the motion to abandon property should be denied and that the sale proceeds held by the trustee are property of the estate.