In re Desmond Lee PAULINE, Debtor.

Raymond CAREY, Chapter 7
Trustee, Appellant,

v.

Desmond Lee PAULINE, Appellee.

BAP No. NC–90–1288–JAsV.

Bankruptcy No. 1–89–00008.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted July 26, 1990.

Decided Oct. 25, 1990.

David N. Chandler, Santa Rosa, Cal., for appellant.

Douglas B. Provencher, Santa Rosa, Cal., for appellee.

## OPINION

Before JONES, ASHLAND and VOLINN, Bankruptcy Judges.

JONES, Bankruptcy Judge:

### I.

### OVERVIEW

In response to a motion for abandonment, the bankruptcy court held that Raymond Carey ("Appellant Carey"), the Chapter 7 Trustee for Desmond Lee Pauline ("Debtor"), had sixty (60) days to find a party willing to buy the Debtor's home at a price sufficient to satisfy all of the liens on the home plus the allowed amount of the Debtor's homestead exemption. The court further held that if Appellant Carey did not find such a buyer the Debtor's home would be deemed abandoned. We affirm the court's order.

### II.

### FACTS

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 3, 1989. At the time of the filing, the encumbrances on the Debtor's home, including IRS tax liens and the Debtor's homestead exemption, totalled more than the petition-date value of the home.

Six-months later, Appellant Carey determined that the Debtor's home should be abandoned. In a letter to a creditor of the Debtor dated August 23, 1990, Appellant Carey memorialized this determination by stating in the letter that he was "abandoning [his] trustee interest in the [home]."

Notwithstanding his stated intention to abandon the home, Appellant Carey later reversed himself and decided to sell the home. When the Debtor found out that Appellant Carey intended to sell the home, the Debtor filed a motion urging the bankruptcy court to order the abandonment of the home. After considering the motion,

the bankruptcy court gave Appellant Carey sixty (60) days to find a buyer who would be willing to buy the home at a price sufficient to cover all of the liens on the home plus the allowed amount of the Debtor's homestead exemption. The bankruptcy court further stated that in the event no purchaser was found within the sixty day period the property would be deemed abandoned. Appellant Carey timely appealed.

## III.

### DISCUSSION

We decline to overturn the bankruptcy court's decision for three reasons. First, Appellant Carey failed to object to the Debtor's homestead exemption claim within the thirty day time period established by Bankruptcy Rule 4003(b). As a result, the Debtor's homestead exemption became final with respect to any action which Appellant Carey might have taken against the Debtor's home. *See In re Montgomery*, 80 B.R. 385, 388 (Bankr.W.D.Tex.1987) ("[I]f no one objects within the time frame established by Bankruptcy Rule 4003(b)[, t]he debtor's entitlement to the [claimed] exemption ... becomes invulnerable to later attack.")

Second, Appellant Carey's reversal regarding the home was apparently triggered by a realization that if he sold the home, rather than abandoning it, he might be entitled to a trustee's fee on the funds used to satisfy the IRS's tax liens. As such, Appellant Carey's actions would appear to be startlingly similar to those types of property churning actions which 11 U.S.C. § 554 (1986) (the "Abandonment" section) was intended to address. *See, e.g., Morgan v. K.C. Machine & Tool Co. (In re K.C. Machine & Tool Co.)*, 816 F.2d 238, 246 (6th Cir.1987) ("In enacting [section] 554, Congress was aware of the claim that formerly some trustees took burdensome or valueless property into the estate and sold it in order to increase their commissions. Some of the early cases condemned this particular practice[,] ... and decried the practice of selling burdensome or valueless property simply to obtain a fund for their own administrative expenses." (citing *Standard Brass Corp. v. Farmers Nat'l Bank*, 388 F.2d 86 (7th Cir.1967); *Miller v. Klein (In re Miller)*, 95 F.2d 441 (7th Cir. 1938); *Seaboard Nat'l Bank v. Rogers Milk Products Co.*, 21 F.2d 414 (2d Cir. 1927))); *see also In re Paolella*, 79 B.R. 607, 609 (Bankr.E.D.Pa.1987) ("[T]he principle of abandonment was developed ... to protect the bankruptcy estate from the various costs and burdens of having to administer property which could not conceivably benefit *unsecured* creditors of the estate." (citation omitted) (emphasis added)).

Lastly, we note that the IRS never asked Appellant Carey to sell the home for its benefit. It is reasonable to assume that the IRS did not ask Appellant Carey to liquidate the IRS's tax liens on the Debtor's home because the IRS felt that it could liquidate the liens at least as efficiently as could Appellant Carey.

## IV.

### CONCLUSION

Because the Debtor's homestead exemption is final with respect to the Trustee and because the Trustee has apparently engaged in a course of conduct designed to enhance the size of his bank account rather than the size of the funds available for the Debtor's unsecured creditors, we decline to overturn the bankruptcy court's decision.