# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
GREEN TREE SERVICING, LLC, A
FOREIGN LIMITED LIABILITY
COMPANY,
Respondent.

No. 68324

FILED

OCT 18 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment in favor of respondent. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment and recognizing that summary judgment is proper when the movant is entitled to a judgment as a matter of law); *see also In re Chappell*, 373 B.R. 73, 76 (9th Cir. BAP 2007) ("Whether property is included in a bankruptcy estate is a question of law . . . subject to de novo review."). In particular, and regardless of the legal effect of the deed purporting to convey the subject property to Henry Ridad as trustee, it is undisputed that Ridad listed the property as an asset in his

16-32597

bankruptcy petition. Thus, the property was presumptively protected by the automatic stay. *See* 11 U.S.C. § 362(a)(4); *cf. In re Stijakovich-Santilli*, 542 B.R. 245, 256 (9th Cir. BAP 2015) (recognizing that, by virtue of signing the bankruptcy petition under penalty of perjury, the debtor is expressly certifying that the information and statements within the petition are true). From that point, it was the HOA's obligation to either seek relief from the stay or challenge whether the property was actually part of the bankruptcy estate.[1] The HOA took neither course of action, and because it recorded its Notice of Delinquent Assessment Lien at a time when the property was presumptively protected by the automatic stay, the recording of that notice was void and of no legal effect. *See In re Schwartz*, 954 F.2d 569, 572 (9th Cir. 1992) ("[V]iolations of the automatic stay are void and of no effect."). Because the HOA did not validly record a Notice of Delinquent Assessment Lien, the ensuing foreclosure sale was necessarily invalid.[2] Accordingly, the district court properly determined that the foreclosure sale was invalid and that respondent was entitled to summary judgment. *Wood*, 121 Nev. at 729, 121 P.3d at 1029; *see In re Chappell*, 373 B.R. at 76.

Appellant raises two other arguments. First, appellant contends that respondent lacks standing under Ninth Circuit bankruptcy

[1]Although the HOA may not have received notice of Ridad's bankruptcy petition, the record indicates that the HOA "became aware of it."

[2]Appellant has not argued that the foreclosure sale could still be valid despite nonrecordation of the Notice of Delinquent Assessment Lien. Nor did appellant seek to retroactively annul the stay.

law to assert a violation of the automatic stay as a basis for invalidating an HOA foreclosure sale. We decline to consider this argument, as respondent clearly has standing under Nevada law to argue that the HOA sale was invalid as a means of protecting its deed of trust, *see Doe v. Bryan*, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986); *Szilagyi v. Testa*, 99 Nev. 834, 838, 673 P.2d 495, 498 (1983), and appellant has not explained why this court or the district court would be bound by Ninth Circuit bankruptcy law in determining whether respondent has standing in a state court quiet title action. Next, appellant contends that respondent should be barred by laches from asserting a violation of the automatic stay. The record, however, demonstrates that appellant did not make this argument in district court.[3] Thus, this argument is not properly raised on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____ Cherry , J.
Cherry

_____ , J.
Douglas

_____ , J.
Gibbons

_____

[3]Although appellant alluded to this argument at the hearing on its motion for reconsideration, this was insufficient to preserve the argument for appeal. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that it is a party's responsibility to present cogent arguments supported by authority).

cc: Hon. Stefany Miley, District Judge
Eleissa C. Lavelle, Settlement Judge
Kim Gilbert Ebron
Brooks Hubley LLP
Eighth District Court Clerk